# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**BRINA ALDERMAN,**

        **Plaintiff,**          Case No.:

**v.**

**MAHANT SWAMI MAHARAJ KRUPA, INC., d/b/a CIRCLE K and DILIPKUMAR PATEL, individually,**

        **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRINA ALDERMAN, hereby sues Defendants, MAHANT SWAMI MAHARAJ KRUPA, INC. d/b/a CIRCLE K and DILIPKUMAR PATEL, individually (hereinafter collectively "Defendants") and states as follows:

## INTRODUCTION

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3. Plaintiff, BRINA ALDERMAN, is an adult and a resident of Polk County, Florida.

4. Defendant, MAHANT SWAMI MAHARAJ KRUPA, INC. d/b/a CIRCLE K, is a Florida Profit Corporation authorized and doing business in this Judicial District.

5. Defendant, DILIPKUMAR PATEL, was/is a corporate officer/director of Defendant, MAHANT SWAMI MAHARAJ KRUPA, INC. d/b/a CIRCLE K with operational control and direct control over the day-today operations, including compensation of employees and is therefore an employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

6. Defendants are covered employers under the Fair Labor Standards Act.

7. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(2), Defendants were Plaintiff's employer within the meaning of 29 U.S.C.

§ 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

8. On or about February 26, 2022, Plaintiff was hired by Defendants as a full-time Cashier.

9. Plaintiff worked at two different Circle K stores owned by Defendants.

10. Plaintiff was initially paid an hourly rate of $10.25.

11. After Plaintiff's first week of work, Defendant, Dilipkumar "Lucky" Patel, told Plaintiff that he did not want to pay Plaintiff an hourly rate because Plaintiff would be working "a lot of hours." Thus, Defendant, Patel informed Plaintiff that she would be paid a salary of $600.00 per week and, if Plaintiff worked more than 53 hours in a work week, she would be paid cash.

12. Throughout Plaintiff's employment with Defendants, Plaintiff was required to work a significant number of overtime hours per week (10 to 40 hours) that were not paid at all or at a rate of time and one-half of Plaintiff's regular rate of pay if the hours exceeded forty (40) in a work week. Specifically, there were many weeks in which Plaintiff worked 72 to 80 hours in a work week. This included both hours recorded by Defendants and "off-the-clock" hours not recorded by Defendants.

13. On April 21, 2022, Plaintiff submitted a written complaint to Darshana "Dolly" Patel (Store Manager) regarding Defendants' failure to compensate her for overtime hours worked.

14. Following Plaintiff's complaint, Defendants did a background check on Plaintiff.

15. On or about April 28, 2022, Plaintiff informed Darshana Patel that she would not report to work until her paycheck was adjusted to compensate Plaintiff for all hours worked, including overtime. Darshana Patel responded to Plaintiff by asking Plaintiff if everything was ok.  Plaintiff told her that everything was not ok and that her check was incorrect once again.

16. Following Plaintiff's opposition to Defendants' pay practices, Plaintiff was reduced to six working days per week compared to the seven days Plaintiff was previously scheduled.

17. Due to Defendants consistent failure to compensate Plaintiff for the overtime hours worked, Plaintiff resigned from her position in early May 2022.

18. On or about May 16, 2022, Plaintiff returned to work.

19. However, within days of her return, Plaintiff was terminated from her employment with Defendants.  Plaintiff was told by, Defendant, Patel that she was terminated for arriving late to her shift after Defendants required Plaintiff to work

several double shifts.  Moreover, Plaintiff worked until 11:00 p.m. the night before and was scheduled to work the next morning at 6:00 a.m.

20. Plaintiff performed work for Defendants in excess of forty (40) hours per work week, for which Defendants knew or should have known.

21. At all material times, Plaintiff was regularly required to work hours in excess of the maximum hours allowed by law (overtime hours).  However, Defendants failed to keep accurate time records reflecting the hours worked by Plaintiff.

22. Defendants' violations of the FLSA were/are knowing, willful, and in reckless disregard of the rights of Plaintiff.

23. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay her legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME

24. Plaintiff, BRINA ALDERMAN, realleges and incorporates paragraphs one (1) through twenty-three (23) as though set forth fully herein.

25. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at least the prevailing minimum wage for all hours worked and overtime at a rate of not less than 1 ½ times the regular rate of pay for all hours worked in excess of the maximum hours allowed by law (overtime hours).

26. Plaintiff was an employee of Defendants and is not exempt from the right to receive overtime pay under the FLSA. Therefore, Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

27. Throughout his employment with Defendants, Plaintiff worked in excess of the maximum hours allowed by law (overtime hours), for which he was not compensated at the overtime rate.

28. Plaintiff was/is entitled to be paid overtime compensation for all overtime hours worked.

29. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of the maximum hours allowed by law (overtime hours), violates the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 207.

30. Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and § 215(a).

31. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

32. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for:

(a) Overtime compensation, liquidated damages, and prejudgment interest;

(b) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(c) A judicial determination that the FLSA was violated;

(d) An adjudication on the merits of the case; and

(e) Such other relief as the court may deem just and proper.

## COUNT II – FAIR LABOR STANDARDS ACT - RETALIATION

33. Plaintiff, BRINA ALDERMAN, realleges and incorporates paragraphs one (1) through twenty-three (23) as though set forth fully herein.

34. Plaintiff engaged in protected activity when she complained, in good-faith, to her supervisors regarding violations of the overtime provisions of the Fair Labor Standards Act. Plaintiff had her work hours reduced and was discharged by Defendants in retaliation for her complaints of FLSA violations.

35. In complaining that Defendants had failed to compensate Plaintiff for all overtime hours worked, Plaintiff engaged in protected activity under 29 U.S.C. § 215(a).

36. Plaintiff subsequently suffered adverse employment actions – hours reduction and discharge – that were causally and directly related to her having complained to Defendants about Defendants' failure to pay Plaintiff all overtime wages due and owed to Plaintiff.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief this Court deems just and equitable.

## COUNT III
### BREACH OF CONTRACT- UNPAID WAGES

37. Plaintiff, BRINA ALDERMAN, realleges and incorporates paragraphs one (1) through twenty-three (23) as though set forth fully herein.

38. Plaintiff was employed by Defendant Mahant Swami Maharaj Krupa, Inc. from approximately February 22, 2022 to May 2022. Defendant agreed to pay Plaintiff for all hours worked.

39. Plaintiff is entitled to her wages earned during her employment with Defendant, which are owed and payable by Defendant.

40. Defendant has failed and refused to make payment as required by the parties' agreement.

41. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Section 448.08, *Florida Statutes*.

WHEREFORE, Plaintiff prays for judgment against the Defendant and for damages as follows:

    a. Payment of earned unpaid wages;

    b. Pre-judgment interest;

    c. Post-judgment interest;

    d. Attorney's fees and costs; and

    e. For such other relief as the Court deems equitable

## DEMAND FOR JURY TRIAL

42. Plaintiff, BRINA ALDERMAN, demands a trial by jury.

Dated this 24th day of August, 2022.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*_____
**GREGORY A. OWENS, ESQUIRE**
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
wolf@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*